IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNEY RAMEY,<br><br>  Petitioner,<br><br>  vs.<br><br>MIKE C. KRAMER, Warden,<br><br>  Respondent.<br>_____ | 1:05-cv-01504-LJO WMW HC<br><br>FINDINGS AND RECOMMENDATIONS RE MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>[Doc. 9] |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

**PROCEDURAL HISTORY**

Petitioner was convicted in Fresno County Superior Court of two counts of second degree robbery and possession of paraphernalia used for smoking a controlled substance. The jury found true the allegation that Petition used a knife in the commission of the robbery. The trial court found that Petitioner had suffered a prior serious felony conviction, and

sentenced Petitioner to an aggregate state prison term of 34 years and 4 months to life.

Petitioner filed a direct appeal with the California Court of Appeal. On January 4, 1996, Petitioner filed a notice of dismissal of appeal and request for dismissal. On January 9, 1996, the Court of Appeal dismissed the appeal.

On May 21, 1998, the California Department of Corrections sent a letter to the Fresno County Superior Court pointing out a possible error in the calculation of Petitioner's sentence. On July 29, 1998, the Fresno County Superior Court resentenced Petitioner to a determinate state prison term of 66 years to life. Petitioner appealed. On November 8, 1999, the Court of Appeal affirmed the judgment. Petitioner filed a petition for review with the California Supreme Court, which the court denied on January 25, 2000.

Petitioner filed a total of thirty-three pro se state post-conviction collateral challenges. None of these state habeas corpus petitions resulted in relief: all were denied.

Petitioner filed a prior federal habeas corpus petition in this court challenging the same conviction on September 16, 1998. Ramey v. Lewis, 1:98cv-06047 OWW HGB. This petition was dismissed with prejudice on September 4, 2003, as untimely. On December 29, 2003, the Ninth Circuit granted Petitioner's application for certificate of appealability with respect to whether this court properly denied Petitioner's federal habeas corpus petition as untimely. On September 6, 2006, the Ninth Circuit affirmed the decision of this court.

## DISCUSSION

Respondent moves to dismiss this petition on two grounds. First, Respondent contends that this is an unauthorized second or successive petition. Second, Respondent contends that this petition is barred by the statute of limitations. The court finds that the motion to dismiss is meritorious on both grounds.

In moving to dismiss the present petition as an unauthorized second or successive petition, Respondent correctly argues that Petitioner has previously challenged the same conviction in Ramey v. Lewis, 1:98cv-06047 OWW HGB. Petitioner does not dispute this

fact in his response to the motion to dismiss, but rather simply argues that he has meritorious issues to present to the court.

Under AEDPA's "gatekeeping" provisions, an applicant seeking to file a second or successive petition must obtain from the appropriate court of appeals an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Section 2244(b)(2) provides that a claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

> (A) the applicant shows that the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(I)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>    (ii)  the facts underling the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A)-(B). In this case it is undisputed that this is a second or successive petition and that Petitioner has not obtained the requisite order from the Court of Appeals. Accordingly, this court must dismiss the petition under Section 2244.

Second, Respondent moves to dismiss this petition as barred by the statute of limitations. In response, Petitioner argues that his claim is meritorious and therefore not time barred.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>   (A) the date on which the judgment became final by the conclusion

3

of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In this case, as Respondent argues, both this court and the Ninth Circuit have determined that Petitioner's prior federal habeas corpus petition filed September 16, 1998, was untimely. Petitioner's current petition, filed seven years later on November 23, 2005, challenging the same conviction, is all the more untimely. The court's examination of the petition and Petitioner's opposition does not reveal the allegation of any new facts which would make the current petition timely where the prior petition was not. Accordingly, the court finds that under the rationale set forth by this court and the Ninth Circuit in Petitioner's prior case, the present petition is untimely and barred by the statute of limitations.

Based on the foregoing, IT IS HEREBY RECOMMENDED as follows:

1) that Respondent's motion to dismiss be GRANTED;

2) that this action be DISMISSED as an unauthorized second or successive petition and as barred by the statute of limitations;

3) that the Clerk of the Court be directed to enter judgment for Respondent and to close this case.

4

1    These Findings and Recommendation are submitted to the assigned United States
2 District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule
3 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of
4 California.  Within thirty (30) days after being served with a copy, any party may file written
5 objections with the court and serve a copy on all parties.  Such a document should be
6 captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the
7 objections shall be served and filed within ten (10) court days (plus three days if served by
8 mail) after service of the objections.  The court will then review the Magistrate Judge's ruling
9 pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections
10 within the specified time may waive the right to appeal the District Court's order.  Martinez
11 v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
12 IT IS SO ORDERED.
13 **Dated:   January 15, 2008**            /s/  **William M. Wunderlich**
                                      UNITED STATES MAGISTRATE JUDGE